IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL NUTTALL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

AND NOW comes Plaintiff, Michael Nuttall ("Representative Plaintiff"), on behalf of himself and all others similarly situated, by and through his counsel, Obermayer Rebmann Maxwell & Hippel LLP, and files this Complaint against Defendant PPG Industries, Inc., pursuant to the Fair Labor Standard Act, 29 U.S.C. § 201, *et seq* ("FLSA"), and aver as follows:

## THE PARTIES

1. Plaintiff Michael Nuttall was, at all relevant times, an adult individual, residing at 4218 Ashwoody Trail, NE Atlanta, GA, 30319. From in or about May 11, 2009 to present, Mr. Nuttall has been and remains employed by PPG as a Lowe's Team Territory Manager.

2. Defendant PPG is a Pennsylvania corporation with its principal place of business located in Pittsburgh, Pennsylvania. Defendant maintains its Corporate Headquarters at One PPG Place, Pittsburgh, Pennsylvania 15272. At all relevant times, PPG has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## NATURE OF THE ACTION

6. The Representative Plaintiff alleges on behalf of himself and other similarly situated current and former Territory Managers of Defendant PPG who elect to opt into this action pursuant to Section 216(b) of the FLSA that they: (i) have been misclassified as exempt employees; (ii) are entitled to unpaid wages from Defendant for work performed for which they did not receive any compensation as well as overtime work for which they did not receive overtime

premium pay as required by law, and (ii) are entitled to liquidated damages pursuant to the FLSA.

## FACTUAL BASIS OF PLAINTIFFS' CLAIMS

7.  Defendant PPG manufactures paints and stains for consumer use under the registered trade names, Olympic Paints and Olympic Stains.

8.  PPG's Olympic Paints and Stains are sold at Lowe's Home Center Stores throughout the country.

9.  PPG employs Territory Managers[1], including the Representative Plaintiff, to be responsible for inventory management, event and brand marketing and product training within as many as 14 assigned Lowe's stores within a designated geographic region.

10. The principal job duties of a Territory Manager, including the Representative Plaintiff, are to make sure that PPG's Olympic Paints and Stains are properly stocked, priced and displayed within the shelf space PPG has negotiated at each of the Territory Manager's assigned stores.

a.

---

[1] Territory Managers were previously designated as "Retail Sales Representatives" by PPG. PPG changed their job title to "Territory Manager" without changing their job responsibilities in any way. Upon information and belief, the sole purpose of this change was to evade the overtime requirements of the FLSA by creating a misleading veneer of independent discretion, when in fact the Territory Managers remained nothing more than glorified retail merchandising clerks.

11. Territory Managers also provide basic product knowledge training sessions to store personnel and engage in in-store sales conversations with Lowe's customers.

12. Essentially the following tasks are included in a Territory Manager's responsibilities at a Lowe's store:

   a. Filling the Olympic Chip Rack and placing the required stripe card order;

   b. Replenishing all the Olympic Point-of-Sale items;

   c. Placing rebate and/or promotional materials (which are created by PPG's marketing team, not by Territory Managers) on the Olympic "Planograms."

   d. Maintaining the Olympic Planogram's integrity;

   e. Down-stocking and replenishing the Olympic Planograms from top-stock and back-stock;

   f. Checking and, as needed, correcting Lowe's inventory counts for Olympic products that are in error;

   g. Building displays, end caps and stack-outs, which were displays for the Olympic paint;

   h. Training Lowe's Associates on basics of the Olympic products using instructions supplied by PPG;

   i. Cross-merchandising Olympic products;

   j. Working the Paint Desk with the Lowe's Paint Associates, who, in turn, sell to Lowe's customers, by mixing paint and checking out paint customers;

  k. Interacting with the Lowe's Paint Department and Contractor Desk Associates, who, in turn, sell to Contractors;

  l. Working Lowe's tent sales and trailer events (often on weekends and holidays).

13. Although Territory Managers have a number of job duties, as outlined above, those responsibilities require no technical or specialized skills and no capital investment.

14. Despite the title of "Territory Manager," these employees, in fact, do not have any managerial responsibilities. Nor do they have the authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of other employees.

15. In reality, Territory Managers do not exercise any independent judgment in carrying out their duties, which are instead dictated and monitored by Regional Managers based on directives from executive and marketing personnel at PPG's Pittsburgh headquarters.

16. Territory Managers' principal duties consist of manual labor and individual retail sales. They spend the majority of their working hours performing such tasks.

17. Territory Managers' duties do not relate directly to PPG's management policies or general business operations.

18. PPG provides the Territory Managers with tools such as knee pads, ear plugs, mallets, hammers, crowbars, wrenches, and screwdrivers with which to perform their manual labor duties.

19. Territory Managers do not have the authority to formulate policy or operating procedures.

20. Territory Managers do not have the authority to negotiate on behalf of or bind PPG on significant matters.

21. PPG has, however, willfully and deliberately misclassified these Territory Managers, including the Representative Plaintiff, as exempt employees under the FLSA during all times relevant to these claims, up until January 1, 2012.

22. Based on this willful misclassification, PPG justified requiring Territory Managers like the Representative Plaintiff to work hours well in excess of 40 hours a week during the relevant time period, without any compensation (straight time or overtime) for those hours beyond the 40-hour week, in violation of the FLSA.

23. In reaction to a number of FLSA lawsuits that were filed across the country by various Territory Managers, on January 1, 2012, PPG reclassified the Territory Managers as nonexempt, effectively admitting that they had been previously improperly classified as exempt from the overtime provisions of the

FLSA. During the relative time period, the Territory Managers received no overtime premium contemporaneously with their regular salaries when they worked more than forty hours per week.

24. During the relevant time period, PPG required the Territory Managers, including the Representative Plaintiff, to work a total of at least eight hours "under the Lowe's roof." In other words, the Territory Managers were required to perform in-store functions for eight hours a day, clocking in and out of the various store locations within their territory on Lowe's time clocks, even though they were not Lowe's employees.

25. Territory Managers were only compensated for working eight hours per day, under the Lowe's roof. All other time that they spent working was uncompensated.

26. During the relevant time period, Territory Managers were always required to work eight hours per week "under the Lowe's roof". Thus, their hours of work for which they were compensated did not fluctuate or vary.

27. PPG did not compensate Territory Managers for time spent commuting to and from the various Lowes stores, even where such travel time was "all in the day's work", as contemplated by 29 C.F.R. § 785.38.

28. Nor did PPG compensate Territory Managers for any portion of the time those employees spent commuting between their homes and the first or last Lowe's store serviced by them on a given workday, even where such commute time far exceeded one hour.

29. Moreover, Territory Managers regularly hauled various merchandising materials for the Olympic products (prepared by PPG's marketing staff, not by the Territory Managers themselves) to the stores, as required by their jobs.

30. Territory Managers also used their driving time to make and receive phone calls related to their work–activities which they were expressly forbidden to engage in while in the Lowe's stores.

31. Thus, Territory Managers often spent as many as four hours each day in compensable travel time beyond the hours worked within the Lowe's stores. Due to PPG's misclassification of the Territory Managers as exempt employees, these employees were not compensated at all during the relevant time period, let alone as overtime.

32. In addition, a number of Territory Managers were required to haul PPG's Olympic Paints and Stains in towed trailers attached to their cars from store to store, without being compensated for their drive time.

33. Territory Managers were also expected to perform additional job functions and engage in other indispensable activities, including certain administrative tasks, outside of the eight hours of in-store time, which consumed several hours a week. Due to PPG's misclassification of the Territory Managers as exempt employees, this time was also uncompensated work time.

34. PPG has failed to maintain accurate and sufficient time records for its Territory Managers, including the Representative Plaintiff. Furthermore, upon information and belief, PPG has not maintained time records for the Territory Managers during the relevant time period for time they spent working outside of the Lowe's stores, including but not limited to time spent on administrative tasks at home, and drive time.

## COLLECTIVE ACTION ALLEGATIONS

35. Pursuant to 29 U.S.C. §216, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by PPG as Lowe's Team Territory Managers in the United States at any time since February 4, 2010 to December 31, 2011 (the "Collective Action Period") who were not paid for hours that they actually worked as well as for overtime compensation at rates not less than one and one-half times the regular rate

of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

36. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number would be based are presently solely within the custody and/or control of the Defendant, upon information and belief, PPG currently employs approximately over 100 Lowe's Team Territory Managers throughout the country.

37. Upon information and belief, a number of Territory Managers have left employment with PPG during the Collective Action Period, but likely have similar claims for violations of the FLSA. Most of these Collective Action Members would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

38. The Representative Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those of the Collective Action Members.

39. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Collective Action Members to individually seek redress for the wrongs done to them.

40. Common questions of law and fact predominate in this action because PPG has acted on grounds generally applicable to all members. Among the questions of law and fact common to the Representative Plaintiff and all Collective Action Members are:

    a. Whether PPG employed the Representative Plaintiff and Collective Action Members as Lowe's Team Territory Managers within the meaning of the FLSA;

    b. Whether PPG willfully misclassified Lowe's Team Territory Managers, including the Representative Plaintiff and Collective Action Members, as exempt employees under the FLSA;

    c. Whether PPG failed to pay Representative Plaintiff and the Collective Action Members for all hours which they worked and whether they received no compensation, as well as overtime compensation, for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder by the Department of Labor;

    d.    What proof of hours is sufficient where the employer fails in its duty to maintain accurate time records within the meaning of the FLSA;

    e.    Whether PPG's violations of the FLSA were willful, as that term is used within the context of the FLSA;

    f.    Whether PPG is liable for all damages claimed hereunder, including, but not limited to, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

    g.    Whether PPG should be enjoined from such violations of the FLSA in the future.

41. Representative Plaintiff knows of no difficulty that might be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## COUNT I: FAIR LABOR STANDARDS ACT

42. Representative Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference all preceding paragraphs as if they were set forth in full herein.

43. At all relevant times, PPG has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

44. At all relevant times, PPG employed, and/or continues to employ, Representative Plaintiff and each of the Collective Action members within the meaning of the FLSA.

45. At all relevant times, PPG has had annual gross revenues in excess of $500,000.

46. The Representative Plaintiff expressly consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

47. At all relevant times, PPG had a policy and practice of misclassifying Lowe's Team Territory Managers, including Representative Plaintiff and the Collective Action Members, as exempt under the FLSA.

48. At all relevant times, PPG had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Lowe's Team Territory Managers for hours worked in excess of forty hours per workweek.

49. At all relevant times, PPG had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Lowe's Team Territory managers for hours worked during which they were not "logged in" to a Lowe's store.

50. As a result of PPG's willful failure to compensate its Lowe's Team Territory Managers, including Representative Plaintiff and the Collective Action

Members, for all the hours worked by them, as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, PPG has violated and continues to violate the FLSA, including §§207(a)(1) and 215(a).

51. As a result of PPG's misclassification of its Lowe's Territory Managers and its attendant failure to record, report, credit and/or compensate the Representative Plaintiff and the Collective Action Members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including §§211(c) and 215(a).

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. §255(a).

53. Due to PPG's FLSA violations, Representative Plaintiff, on behalf of himself and the Collective Action Members, is entitled to recover from the Defendant their unpaid wages, as well as overtime compensation, an additional amount–equal to the unpaid wages and overtime–as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to §216(b) of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiff, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all Collective Action members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to opt into this proceeding and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. Award of unpaid wages, as well as all overtime compensation, due under the FLSA to the Plaintiff and the Collective Action Members;

d. Award of liquidated damages to the Plaintiff and Collective Action Members as a result of PPG's willful failure to pay for all wages dues as well as overtime compensation pursuant to the FLSA;

e. Award of pre-judgment and post-judgment interest;

f. Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted,

BUCKLEY & KLEIN, LLP

s/ Cheryl B. Legare
Georgia Bar No. 038553
cblegare@buckleyklein.com

Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, Georgia  30309
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

*Local Counsel for Representative Plaintiff, individually and on behalf of all others similarly situated*

OBERMAYER REBMANN
 MAXWELL & HIPPEL LLP

Bruce C. Fox*
Pennsylvania ID No. 42576
bruce.fox@obermayer.com
Yuanyou Yang*
Pennsylvania ID No. 314822
sunny.yang@obermayer.com
Andrew J. Horowitz*
Pennsylvania ID No. 311949
andrew.horowitz@obermayer.com

BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA  15219
Telephone: (412) 566-1500
Facsimile:  (412) 566-1508

*Counsel for Representative Plaintiff, individually and on behalf of all others similarly situated*
* *Pro hac vice application to be filed*

16