# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is signed and entered between Michael Nuttall on the one hand, and PPG INDUSTRIES, INC. ("Defendant") on the other hand (collectively, the "Parties").

WHEREAS, on February 4, 2013, Plaintiff Michael Nuttall filed a complaint against Defendant in the United States District Court for the Northern District of Georgia in an action styled *Michael Nuttall, on behalf of himself and all others similarly situated, v. PPG Industries, Inc.*, Civil Action No. 1:13-cv-00384-CAP (N.D. Ga.) (the "Action"), alleging that Defendant violated the federal Fair Labor Standards Act (FLSA) by, *inter alia*, failing to pay him, and others similarly situated, all of the compensation (including overtime) to which he was entitled under the FLSA. Defendant denied the material allegations in the complaint.

WHEREAS, the Parties have a bona fide dispute regarding the merits of Plaintiff's claims. Plaintiff claimed that prior to 2012 he and other "similarly situated" employees of PPG were misclassified as exempt from the overtime provisions of the FLSA. With respect to his individual claim, Plaintiff claimed that he was entitled to recover unpaid compensation (including overtime) in the amount of $25,052.50, plus an equal amount in liquidated damages, plus attorney's fees and costs incurred in the Action. Defendant disputed Plaintiff's claim, denied that Plaintiff was entitled to pursue his claim on behalf of other alleged "similarly situated" individuals, argued that Plaintiff was properly classified as exempt from the overtime provisions of the FLSA, and disputed Plaintiff's calculation of his alleged damages.

WHEREAS, on February 14, 2014 the Court denied Plaintiff's motion for "conditional certification" of this action as a collective action. On May 16, 2014, the Court denied Plaintiff's motion to certify for interlocutory appeal the Court's denial of his motion for "conditional certification" of this action as a collective action. Plaintiff asserts that the Court's decision on conditional certification was erroneous and—absent settlement—Plaintiffs would have pursued this issue on appeal following final judgment in this Action.

WHEREAS, in order to avoid the cost associated with further litigation, the Parties have agreed to settle all claims that Plaintiff had or may have against Defendant on the terms set forth in this Agreement, without admission by Defendant of the merits of any such claims or admission by Plaintiff as to the validity of any of Defendant's asserted defenses. As set forth more fully below, the settlement includes a sum certain payable to Plaintiff, plus fees and costs to be determined by the Court.

WHEREAS, the Parties represent that the Agreement: (a) is fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of Plaintiff's claims; and (c) demonstrates a good faith intention by the Parties that Plaintiff's claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future.

THEREFORE, with the intent to be legally bound hereby, and in consideration of the promises and mutual covenants set forth in this Agreement, and for other good and valuable consideration, the Parties agree as follows:

1.   Definitions

(a)   "Nuttall" or "Plaintiff" as used in this Agreement means Michael Nuttall himself, and his heirs, devisees, legatees, executors, administrators, assigns, agents, representatives, businesses, insurers, subrogees, and attorneys, and any other persons or entities acting by, through, under, or in concert with any of the persons or entities listed in this subsection. Notwithstanding the foregoing, references to "Michael Nuttall" in this Agreement shall apply only to Michael Nuttall personally and not to any other person.

(b)   "PPG" or "Defendant" as used in this Agreement shall at all times mean and include all of the following, individually and collectively: (i) PPG Industries, Inc.; (ii) the related companies, parent companies, subsidiaries, divisions, businesses, holding companies, affiliates, partnerships, limited partnerships, successors, predecessors, and assigns of any entity identified in Paragraph 1(b)(i); and (iii) the present and former officers, directors, trustees, conservators, employees, contractors, representatives, shareholders, stockholders, owners, heirs, devisees, legatees, executors, administrators, insurers, attorneys and agents of any of the entities identified in Paragraphs 1(b)(i)-(ii), and any other persons or entities acting by, through, under, or in concert with any of the persons or entities listed in this subsection.

2.   Effective Date

This agreement shall be effective the day after the revocation period described in Paragraph 7 has expired.

3.   Dismissal of Action With Prejudice

Plaintiff agrees to dismiss the Action with prejudice by causing his counsel to execute and have filed with the United States District Court for the Northern District of Georgia, as soon as possible and in no event beyond five (5) business days of the date on which this Agreement is effective, a motion to approve settlement and proposed order dismissing the Action with prejudice, in the form attached to this Agreement as Exhibit A.

4.   Payments and Consideration

(a)   In consideration for this Agreement, PPG Industries, Inc. agrees to pay Nuttall the sum total of Twelve Thousand Five Hundred Dollars ($12,500), plus fees and costs in an amount to be determined by the Court in accordance with Paragraph 4(c) below. The $12,500 payable to Nuttall shall be allocated and payable as follows:

(i)   Six Thousand Two Hundred Fifty Dollars ($6,250), less normal and ordinary payroll tax withholding required by law, shall be paid to Nuttall for settlement of his FLSA overtime claim seeking unpaid wages, including overtime compensation; and

4846177                                    2

      (ii)    Six Thousand Two Hundred Fifty Dollars ($6,250) shall be paid to Nuttall for settlement of his FLSA overtime claim seeking liquidated damages.

(b)    Defendant will deliver the $12,500 payment described in Paragraph 4(a) to Plaintiff's attorneys at the address specified below within ten (10) business days after the Court approves the settlement.

(c)    Within 30 days following the Court's approval of this Settlement Agreement, Plaintiff may file a Petition for Attorneys' Fees and Costs. Defendant shall respond to Plaintiff's Petition for Attorneys' Fees and Costs within 21 days thereafter. Defendant will pay the amount awarded as fees and costs within ten (10) business days after the expiration of the period for appeal on the Court's order on Plaintiff's Petition for Attorneys' Fees and Costs (or, in the event of appeal, within ten (10) business days after the conclusion of any such appeal).

(d)    All proceeds will be subject to applicable reporting requirements. With the exception of the employer's share of payroll taxes on the amounts specified in Paragraphs 4(a)(i), Plaintiff and his attorneys shall be solely responsible for the payment of any federal, state, or local taxes arising out of the payment of monies arising out of this Agreement. Plaintiff agrees to hold PPG harmless from any and all claims, demands, rights, damages, costs, expenses, penalties, actions or causes of action relating to liability or claim of liability for, and/or collection of, any amount assessed by or due any federal, state, or local government or agency thereof, including but not limited to, federal, state, and local withholding and income taxes and social security taxes, with respect to payments made as set out in this Agreement. This Agreement is not intended nor does it purport to give Plaintiff advice or counseling concerning federal, state, or local tax responsibilities or liabilities. Plaintiff and his attorneys agree to complete IRS forms W-9 and/or W-4, and/or provide employer identification numbers along with this Agreement.

(e)    The foregoing payments include consideration for alleged damages to Plaintiff, and for any and all harm which Plaintiff may have suffered because of any acts or omissions of PPG. Subject to the Court's award pursuant to Plaintiff's Petition for Attorneys' Fees and Costs, Plaintiff and his attorneys agree that the above payments are inclusive of any claim for attorney's fees, costs, court costs, interest and/or other expenses, and that they with the exception of the petition authorized in Paragraph 4(c) they shall not make any further claim against PPG for attorney's fees, costs, court costs, interest or any other expenses of any kind which may have been incurred.

(f)    Plaintiff acknowledges and agrees that he: (i) has previously been paid (and/or that upon receipt of the consideration described in Paragraph 4(a) he will have been paid) all wages and other compensation due to him (pursuant to applicable law, contract or any other source of obligation) as a result of services rendered to PPG; and (ii) the consideration described in Paragraph 4(a): (A) constitutes full and complete satisfaction of any and all claims by Plaintiff to any wages, compensation, and benefits of any kind (including overtime) that are or might become due and/or vested; (B) exceeds any claim that Plaintiff might have to any other wages, compensation, or benefits of any kind that are or might become due and/or vested; and (C) in whole or in part comprises additional consideration for Plaintiff's promises in this Agreement.

5.  Release

(a)     As a material inducement to Defendant to enter into this Agreement, and in return for the promises and undertakings set forth herein, Plaintiff, individually and for himself and his successors and assigns, does hereby irrevocably and unconditionally release, acquit, and forever discharge PPG of and from any and all charges, complaints, claims, liabilities, causes of action, damages and expenses (including attorney's fees, costs actually incurred, penalties and liquidated damages), of any kind, whether known or unknown, which he now has, may have or claim to have, or which he at any prior time had or claimed to have against PPG, arising out of any matter occurring or accruing on or before the date of this Agreement, including, but not limited to, any claims arising from his employment, or the termination of his employment, with PPG, as well as any claims which were asserted or which could have been asserted in the Action. This release and waiver includes, but is not limited to, claims arising under any federal, state or local statutes, regulations or ordinances, specifically including, but not limited to, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, Georgia Age Discrimination in Employment Act, the Equal Employment for Persons with Disabilities Code, the Sex Discrimination in Employment Act, the Common Day of Rest Act, and the Fair Employment Practices Act, Pennsylvania Human Relations Act; any claims under state law (including but not limited to the laws of Georgia and/or Pennsylvania), any common law claims, and/or claims for attorney's fees, expenses or costs.

(b)     Plaintiff acknowledges that his waiver and release of rights and claims as set forth in this Agreement are in exchange for valuable consideration which Plaintiff would not otherwise be entitled to receive.

(c)     Plaintiff understands, agrees and intends that, upon receipt of the payments by PPG Industries, Inc. referred to herein, Plaintiff will have received complete satisfaction of any and all claims, whether known, suspected, or unknown, that Plaintiff may have against PPG.  Plaintiff waives any and all relief not explicitly provided for herein.

(d)     Plaintiff agrees that this Agreement resolves all claims asserted by Plaintiff in the Action, as well as any other complaint, charge, claim or action Plaintiff may assert, has asserted, or could have asserted against PPG.

(e)     Plaintiff affirms that Plaintiff has not filed any other charges, complaints, claims or actions against PPG, based on any event that took place prior to the date of Plaintiff signing of this Agreement.  In the event there is outstanding any such charge, complaint, claim or action, Plaintiff agrees to execute such papers or documents as may be necessary to have such charge, complaint, claim or action withdrawn and dismissed with prejudice.

(f)     Plaintiff agrees not to file a lawsuit or to commence any other legal proceeding against PPG concerning any matter released in this Agreement.

(g)     Plaintiff agrees that the release provided by this Agreement applies to any claims brought by any person or agency on behalf of Plaintiff against PPG, whether as a class or collective

action, or any other form of representative action or action purportedly brought on behalf of Plaintiff.

(h)     Plaintiff and his counsel expressly waive their right to appeal any of the Court's Orders entered in the Action prior to the effective date of the Agreement.

(i)     Notwithstanding the foregoing, Plaintiff does not release or waive: (i) any claim that Plaintiff could make for unemployment compensation or workers' compensation; (ii) Plaintiff's right to file an administrative charge with the Equal Employment Opportunity Commission (EEOC) or similar state agency (although Plaintiff does waive his right to receive any monetary damages or other relief not explicitly provided for herein as a result of any such charge); (iii) any rights or claims that may arise after the date Plaintiff executes this Agreement; and/or (iv) Plaintiff's right to challenge the validity of the release (however, if Plaintiff challenges the validity of this release in whole or in part and prevail on the merits of any claim which had purportedly been released by this Agreement, then PPG shall be entitled to restitution, recoupment, or set off against any monetary award obtained by Plaintiff in such proceeding).

(j)     If Plaintiff breaches any provision of this Paragraph, Plaintiff will pay PPG's costs and expenses (including reasonable attorney's fees) related to PPG's enforcement of the Agreement and the defense of any such claims.

6.     Non-Admission

This Agreement is a compromise of disputed claims by Plaintiff against Defendant, and neither the Agreement nor anything contained herein shall be construed as an admission of liability for unlawful or wrongful acts by PPG, by whom such liability is expressly denied. This Agreement shall not be admissible in any proceeding as evidence of an admission by PPG of a violation of any federal, state or local statute, regulation, ordinance, order or common law.

7.     Older Workers Benefit Protection Act

Plaintiff acknowledges and agrees that in accordance with the requirements of the Older Workers Benefit Protection Act: (A) he has read and fully understands the terms of this Agreement, including the waiver and release contained herein; (B) he was advised and hereby is advised that the Agreement includes a waiver and release of rights and claims under Chapter 14 (Age Discrimination in Employment) of Title 29 of the Code of the Laws of the United States of America, 29 U.S.C. § 621, et seq.; (C) he is not waiving rights or claims that may arise after the date on which he executed this Agreement; (D) his waiver of rights and claims is in exchange for consideration in addition to anything of value to which he already is entitled; (E) he was advised and hereby is advised in writing to consult with an attorney of his choice prior to signing this Agreement; (F) he has been given a period of twenty-one (21) days within which to consider the terms of the Agreement before signing it (and if he signed this Agreement before the end of this twenty-one (21) day period, it is because he freely chose to do so after carefully considering its terms); (G) he has seven (7) days following the execution of this Agreement in which to revoke the Agreement by sending a written notification to Christopher Michalski at the following address: Littler Mendelson, P.C., 625 Liberty Avenue, 26th Floor, Pittsburgh, PA 15222. This

Agreement shall not become effective or enforceable until the revocation period has expired without Plaintiff's revocation. After the revocation period has expired, counsel for Plaintiff shall inform counsel for Defendant in writing whether Plaintiff revoked the Agreement.

8. <u>Miscellaneous</u>

(a) This Agreement is made and shall be enforced as provided under the laws of the Commonwealth of Pennsylvania.

(b) No waiver of any of the terms of this Agreement shall be valid unless in writing and signed by all Parties to this Agreement.

(c) If any provision of this Agreement is found by any court or governmental agency to be unlawful or unenforceable, Defendant shall have the right to require the Parties to continue complying with the remaining provisions of this Agreement or to declare the Agreement void. Defendant has 10 days from the date any provision in this Agreement is found to be unlawful or unenforceable to exercise this right or it is waived. In the event that any provision of this Agreement is found by any court or governmental agency to be unlawful or unenforceable in a proceeding in which Plaintiff(s) requested or advanced an argument in support of such a finding, and Defendant thereafter declares this Agreement to be void, no party hereto shall have any rights or obligations hereunder, and the Parties will be returned to their positions prior to signing this Agreement, including the return of any sums paid pursuant to Paragraph 4 of this Agreement.

(d) This Agreement constitutes the complete and total agreement made between the Parties, and each party represents to the other that it is not relying on any other agreements or oral representations not fully expressed in this Agreement.

(e) This Agreement constitutes the entire agreement between the Parties and shall not be modified, altered, or discharged except by written instrument signed by each of the Parties to the Agreement. The headings in this Agreement are for reference only, and shall not in any way affect the meaning or interpretation of this Agreement.

(f) The Parties agree to fully cooperate with each other to accomplish the terms of the Agreement, including but not limited to executing such documents and taking such other action as may reasonably be necessary to implement the terms of the Agreement and to ensure the validity of the release contained herein.

(g) The Parties hereto agree that the terms and conditions of the Agreement are the result of lengthy, intensive, arms-length negotiations among the Parties, and the Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of the Agreement.

(h) Upon the dismissal of the Action, Plaintiff and his counsel shall destroy any and all documents produced in this matter and designated as "confidential" by Defendant in conjunction with the Action, and they shall not retain any copies or derivatives thereof. Within ten (10) business days following the dismissal of the Action, counsel for Plaintiff shall send a writing to counsel for Defendant confirming compliance with this Paragraph.

(i)     Plaintiff and his attorneys agree that they will not issue any press release, post any notice on-line or elsewhere, or have any communication with the press regarding the settlement of Plaintiff's claims in the Action.

(j)     Plaintiff agrees to make no defamatory comments about PPG.  Plaintiff further agrees never to encourage any other individuals or attorneys to commence or to participate in the commencement of any action against PPG and never to solicit any other individuals who were or are currently employed in the position now known as Territory Manager, or similar position, with regard to potential claims that they might have against PPG

(k)     The Agreement may be executed in counterparts, and when each designated signatory has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

(l)     In the event of a dispute concerning the rights or obligations under the Agreement, the Parties shall first meet and confer in a good faith attempt to resolve the matter.

(m)     PLAINTIFF REPRESENTS THAT HE HAS CAREFULLY READ AND FULLY UNDERSTANDS THE PROVISIONS OF THIS AGREEMENT AND THAT HE HAS ENTERED INTO THIS AGREEMENT KNOWINGLY, VOLUNTARILY, AND WITHOUT THREAT OR DURESS.

///The remainder of this page is intentionally left blank.///

WHEREFORE, the Parties have read all of the foregoing, understand the same, and agree to all of the provisions contained herein.

MICHAEL NUTTAL

*/s/ M. Nuttall*
Signature

4218 Ashwoody Trl, NE
Address

Atlanta GA 30319
City, State, Zip

Aug. 5, 2014
Date

COUNSEL FOR PLAINTIFF:

*/s/*

OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
BNY Mellon Center
500 Grant Street
Suite 5240
Pittsburgh, PA 15219

Aug 6, 2015
Date

PPG INDUSTRIES, INC.

_____
Authorized Signature

_____
Title

_____
Date

Firmwide:128274625.1 034801.2064

4846177

WHEREFORE, the Parties have read all of the foregoing, understand the same, and agree to all of the provisions contained herein.

**MICHAEL NUTTAL**

_____
Signature

_____
Address

_____
City, State, Zip

_____
Date

**COUNSEL FOR PLAINTIFF:**

_____
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
BNY Mellon Center
500 Grant Street
Suite 5240
Pittsburgh, PA 15219

_____
Date

**PPG INDUSTRIES, INC.**

*/s/ William E. [signature]*
Authorized Signature

*Senior Counsel*
Title

*08/06/14*
Date

Firmwide:128294842.1 034801.2064

8

4846177